JOHNSON, RESPONDENT, *v.* BUTTE ALEX SCOTT COPPER CO., APPELLANT.

(No. 3,531.)

(Submitted May 12, 1915. Decided June 14, 1915.)

[149 Pac. 717.]

*Personal Injuries—Mines and Mining—Master and Servant— General and Special Verdict—Inconsistency—Effect.*

1. In an action by a miner to recover for personal injuries resulting from a premature explosion of dynamite during the course of his employment, alleged to have been due to the use of a more powerful and sensitive explosive than was proper or customary, without warning plaintiff, the jury returned a general verdict in his favor, and also special findings to the effect that he had been warned, knew that the stronger powder was being used, that the use of such powder was proper, and that in the exercise of ordinary care he would have dis-

covered that it was being used.  *Held*, that the special findings were inconsistent with the general verdict, and that, under section 6758, Revised Codes, defendant, and not plaintiff, was entitled to judgment.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by William Johnson against the Butte Alex Scott Copper Company.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded, with directions to render judgment for the defendant.

*Mr. James E. Murray* and *Mr. J. E. Healy,* for Appellant, submitted a brief; *Mr. Murray* argued the cause orally.

The special findings override the general verdict.  Those upon the question of knowledge of plaintiff are absolute and convincing, are within the issues, and fully borne out by the evidence.  Such findings should not have been disregarded.  (Rev. Codes, sec. 6758; *Martin* v. *City of Butte,* 34 Mont. 281, 86 Pac. 264.)  It is not necessary that every material fact be found in the special verdict if enough be found to nullify the general verdict.  (*Napa Valley Packing Co.* v. *San Francisco Relief & R. C. Funds,* 16 Cal. App. 461, 118 Pac. 469.)  The findings cannot be considered as detached from each other or from the case; they must be given a reasonable consideration and construction.  (*Alhambra Addition Water Co.* v. *Richardson,* 72 Cal. 598, 14 Pac. 379.)  The purpose of interrogatories is to elicit the facts.  (*City of Lawton* v. *McAdams,* 15 Okl. 412, 83 Pac. 429.)  A verdict is not to be technically construed, but is to be given such a reasonable construction as will carry out the obvious intention of the jury.  (*State* v. *District Court,* 50 Mont. 1, 144 Pac. 564.)  The same rule should of right be given application to special findings of a jury.

*Messrs. Maury, Templeman & Davies, I. G. Denny* and *John A. Smith,* for Respondent, submitted a brief; *Mr. H. L. Maury* argued the cause orally.

A rule of law is that the master may not make changes in the appliances and thereby add to the danger of the servant with-

out notice to the servant. We cite some of the instances in which this rule has been applied in other conditions: Where there was a substitution of a new switch without notice, the master was held liable. (*Cincinnati etc. Ry. Co. v. Gray,* 101 Fed. 623, 50 L. R. A. 47, 41 C. C. A. 535.) Where a distance between a roll and cylinder was reduced without notice, the master was held liable. (*Ryan v. Chelsea Paper Mfg. Co.,* 69 Conn. 454, 37 Atl. 1062.) Where the change in the contour of a dump pile was made without notice to the servant who worked at night, the master was held liable. (*Iroquois Furnace Co. v. McCrea,* 191 Ill. 340, 61 N. E. 79.) Where a ballast was removed close to a switch and no light placed, the master was held liable. (*Louisville etc. R. R. Co. v. Bocock,* 107 Ky. 223, 51 S. W. 580, 53 S. W. 262.) The Missouri case of *Chambers* v. *Chester,* 172 Mo. 461, 72 S. W. 904, is but another application of the general rule. As to the question of proximate cause, we claim that the mere fact that Johnson had handled forty per cent loads under similar conditions for many years, and they had not exploded, coupled with the fact that on the first round of holes using sixty per cent there was an explosion, is sufficient upon which the jury may properly base the inference that the change, without notice to Johnson, and the use of sixty per cent powder was the direct proximate and sole cause of the explosion, and we have a case exactly in point on that. (*Judson v. Giant Powder Co.,* 107 Cal. 549, 48 Am. St. Rep. 146, 29 L. R. A. 718, 40 Pac. 1020.)

Special findings 1–4 are insufficient to include the issues in the case, and are not supported by the evidence. "Where the entire controversy is dependent on a special verdict, it will prevail only when it finds all the facts essential to a determination of every material issue in the case." (*Spokane & I. E. R. Co. v. Campbell,* 217 Fed. 518; *Farmers' Savings Bank v. Burr, Forbes & Son,* 151 Iowa, 627, 132 N. W. 59; *Phoenix Water Co. v. Fletcher,* 23 Cal. 481; *Hann* v. *Field,* 16 Ky. (Litt. Sel. Cas.) 376.)

Counsel say that a verdict is not to be technically construed, but is to be given such a reasonable construction as will carry out the obvious intention of the jury, citing *State* v. *District Court*, 50 Mont. 1, 144 Pac. 564, and then they state, "the same rule should of right be given application to special findings of the jury." This is not the law. There is no presumption in favor of a special finding. (*Hill* v. *Swihart*, 148 Ind. 319, 47 N. E. 705; *City of Bluffton* v. *McAfee*, 23 Ind. App. 112, 53 N. E. 1058; *Koskela* v. *Albion Lumber Co.*, 25 Cal. App. 12, 142 Pac. 851; *Matchett* v. *Cincinnati W. & M. Ry. Co.*, 132 Ind. 334, 31 N. E. 792.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this case the plaintiff recovered a verdict and judgment for $5,000, damages for injuries suffered by him during the course of his employment by the defendant as a miner. The defendant has appealed. The injuries were caused by a premature explosion of dynamite under these conditions: The defendant was engaged in sinking a shaft on a claim mentioned in the pleadings as the Alex Scott, situate in Silver Bow county. The shaft had reached a depth of about 2,000 feet. At the time of the accident, the plaintiff, with others, was loading a set of holes in the bottom of the shaft for blasting. Theretofore Dupont gelatine powder carrying forty per cent of nitroglycerin had been found of sufficient strength to break the rock encountered in the shaft, and this had been in use, except on one occasion. On that occasion, powder of the same brand and manufacture, but carrying sixty per cent nitroglycerin, had been employed. Plaintiff was not at that time in the employment of the defendant and did not know the fact. The rock encountered at this time having been found to be unusually hard, and therefore difficult to break, the defendant furnished for use the higher strength powder. Water came into the shaft in sufficient quantities to necessitate the use of a pump. Though this was kept in operation, it did not prevent an accumulation of

water sufficient to fill the holes. The operation of it also kept the accumulating water in constant motion with the result that gravel and sand were washed into the holes. The plaintiff and a companion who was helping him had already loaded several holes, pursuing the following method: The sand and gravel which had accumulated in a hole were first blown out by means of compressed air applied through a rubber hose. Five or six sticks of the stronger powder were first lowered into the hole through the water and tamped down with a wooden tamping rod. This was followed by one or more sticks of the weaker powder which had attached to them caps and fuses. These were tamped down in like manner. In loading the hole in which the explosion occurred, the plaintiff was using the tamping rod, his companion lowering the powder. As plaintiff was tamping down the weaker powder, the blast exploded, blowing out both his eyes, lacerating both arms and hands, and inflicting painful and serious injuries upon other portions of his body. The complaint charges that defendant was guilty of culpable negligence in several particulars. In response to defendant's motion for nonsuit, the court excluded from consideration by the jury the issues relating to all of these charges save two, *viz.*, that defendant was at fault: (a) In furnishing and directing the use of the higher strength powder, a more sensitive and therefore a more dangerous explosive agent, in place of the weaker powder, without giving the plaintiff notice of the change; and (b) in directing the use of the stronger powder, whereas the weaker powder was the only explosive proper for use under the circumstances. In addition to being required to return a general verdict, the jury were directed to make and return findings upon particular questions of fact. They found: (1) That the defendant warned the plaintiff of the use of powder sixty per cent in strength; (2) that plaintiff knew that this powder was being used; (3) that plaintiff in the exercise of ordinary care would under the circumstances have discovered that it was being used; (4) that the use of powder of this strength is proper when the rock to be blasted is hard; (5) that it is more dangerous than

powder of a lower degree of strength; and (6) that the higher strength powder is more sensitive and more easily exploded than that of a lower degree of strength.

Counsel assign error upon the refusal of the court to exclude all evidence on the ground that the complaint does not state a cause of action, upon its refusal to grant a nonsuit, and upon its refusal to direct judgment for the defendant on the special findings. For present purposes, we shall assume, but without deciding, that the complaint is sufficient, and that the evidence made a case for the jury. As we view the case, we have serious doubt as to the sufficiency of the complaint so far as it attempts to embody the charges of negligence submitted to the jury. In [1] our opinion, the defendant was entitled to judgment upon the special findings, because they are wholly inconsistent with the general verdict, in that, if the facts were as found, the plaintiff cannot recover.

Plaintiff predicates his right to recover upon a violation by the defendant of the rule, recognized by the courts generally, that ''A master is bound to instruct his servant as to risks which are abnormal or extraordinary and at the same time of such a character that the servant cannot be held chargeable with an adequate comprehension of their nature and extent, or of the proper means by which to safeguard himself.'' (3 Labatt on Master and Servant, sec. 1146.)

Without stopping to consider the various conditions out of which abnormal or extraordinary risks may arise, it may be observed that the theory of the complaint in this case, in its final analysis, is that the defendant furnished for use a more powerful and sensitive explosive which was not suitable to the accomplishment of the work upon which the plaintiff was employed, thereby creating the abnormal risks to which he thus became exposed without giving him notice of the fact so that he could guard himself against them. The converse of this theory necessarily is that if the defendant gave plaintiff notice of the change, or if he had knowledge of it, however he may have obtained it, the plaintiff assumed the risks incident to it,

and cannot, for that reason, hold the defendant liable. As is disclosed by special findings 1, 2, and 4, the jury determined that the defendant warned the plaintiff of the use of the sixty per cent powder, that he knew of its use, and that it is a proper instrumentality for use under the conditions existing at the time of the accident. Assuming that these conclusions were based upon substantial evidence—and for present purposes we must act upon this assumption—the general verdict cannot stand.

Section 6757 of the Revised Codes defines a "special verdict" as follows: "A special verdict is that by which the jury find the facts only, leaving the judgment to the court. The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented, as that nothing shall remain to the court but to draw from them conclusions of law."

Section 6758 declares: "In all cases the court may direct the jury to find a special verdict in writing, upon all or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon. The special verdict or finding must be filed with the clerk and entered upon the minutes. Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly. In no case shall special issues be submitted to the jury when, in the opinion of the court, the general verdict would be sufficient." This latter provision authorizes the court in its discretion in any case to instruct the jury to find upon particular questions of fact, though they are required to render a general verdict. It also requires the court to recognize a special finding as controlling when it is inconsistent with the general verdict, and to give judgment accordingly. When the verdict and findings were returned and filed, counsel for defendant moved for judgment for defendant. The court overruled the motion and ordered judgment entered on the general verdict. This was

error. In view of the three findings referred to above, the others are wholly immaterial under plaintiff's own theory of his case.

The judgment is reversed and the cause is remanded to the district court, with directions to vacate the judgment heretofore rendered and render judgment for the defendant.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.